```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF GEORGIA

                      ATLANTA DIVISION
```

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CRIMINAL DOCKET CASE #: |
| NIGEL MARC GORDON | 1:14-CR-312-WSD-GGB |

**MOTION TO SUPPRESS STATEMENTS**
**AND BRIEF IN SUPPORT THEREOF**

NOW COMES the Defendant, NIGEL MARC GORDON, by and through his undersigned counsel, Regina C. Stephenson, who moves this Court to suppress any and all statements made by him to federal agents and/or state law enforcement officers on or about May 7, 2014, or on any other occasion, and in support thereof shows the following:

(1)

Mr. Gordon is charged in a one-count Indictment with unlawfully possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (e). He has been arraigned on this charge and entered a not guilty plea.

(2)

Mr. Gordon had been detained (and arguably under arrest) when he was questioned by law enforcement officers in reference to the alleged offense. He made several statements to these agents and/or officers.

(3)

Prior to introducing any statement attributed to a defendant, the burden is on the Government to demonstrate that such a statement was made freely and voluntarily. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1969). A criminal defendant is deprived of due process if his conviction rests in full or in part upon an involuntary confession. See Jackson, supra; Martinez v. Estelle, 612 F.2d 173, 176-77 (5th Cir. 1980); United States v. Davidson, 768 F.2d 1266, (11th Cir. 1985). The hearing mandated under Jackson, supra "must afford the defendant an opportunity to testify regarding the inculpatory statement out of the jury's presence without prejudice to his right not to take the stand in his defense." Jarrell v. Balkcom, 735 F.2d 1242, 1252-53 (11th Cir. 1984). It should also be remembered that a

court's finding that a confession is voluntary "must appear from the record with unmistakable clarity." <u>Sims v. Georgia</u>, 385 U.S. 538,544, 87 S.Ct. 639,643, 17 L.Ed.2d 593 (1967).

(4)

It is not at all clear that Mr. Gordon knowingly and voluntarily waived his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) before he was questioned.[1]  Moreover, it is not clear that he was appropriately advised of those rights or whether he understood them.

(5)

Prior to interrogation, a suspect in custody must be informed "in clear and unequivocal terms that he has the right to remain silent." <u>United States v. Pena</u>, 897 F.2d 1075, 1080-81 (11th Cir. 1990), <u>rehearing en banc denied</u>,

---

[1] <u>Miranda</u> provides that law enforcement officials in custodial interrogations must inform a suspect that she has the right to remain silent, that anything she says may be used against her in court, that she has a right to an attorney, and that the state will provide her with an attorney if she cannot afford to pay for one. <u>Jacobs v. Singletary</u>, 952 F.2d 1282, 1291 (11th Cir. 1992), <u>quoting Miranda</u>, <u>supra</u>, at 437-74, 86 S.Ct. at 1627-28.

3

907 F.2d 1145, quoting Miranda, 384 U.S. at 467-68, 86 S.Ct. at 1624-25.  "Once warnings have been given, . . . [if the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease."  Id.  "The police must equally honor equivocal and clear invocations [of a suspect's right to remain silent]."  Delap v. Dugger, 890 F.2d 285, 290 (11th Cir. 1989).  Jacobs, 952 F.2d at 1291, quoting.

**WHEREFORE**, Mr. Gordon requests that this Court hold a hearing to determine the voluntariness of his statements and whether he knowingly and voluntarily waived his Fifth Amendment privilege against self incrimination and his Sixth Amendment right to have counsel present during a custodial interrogation.  See United States v. Henry, 604 F.2d 908 (5th Cir. 1979); Oregon v. Mathiason, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977); United States v. Roark, 753 F.2d 991, 993 (11th Cir. 1985).

Dated: This 21st day of October, 2014.

        Respectfully submitted,

        s/ *Regina Cannon Stephenson*
        Regina Cannon Stephenson
        Georgia State Bar No. 679569
        Attorney for Nigel Marc Gordon

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 688-7530
(404) 688-0768 fax
Email: regina_stephenson@fd.org

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing Motion to Suppress Statements, which was formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1B, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record upon:

>William G. Traynor, Esq.
>Assistant United States Attorney
>600 Richard B. Russell Building
>75 Spring Street, S. W.
>Atlanta, GA  30303

Dated:  This <u>21st</u> day of October, 2014.

>s/ *Regina Cannon Stephenson*
>Regina Cannon Stephenson
>Georgia State Bar No. 679569
>Attorney for Nigel Marc Gordon