IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>NIGEL MARC GORDON,  )<br>  )<br>  Defendants.  )<br>  )<br>  ) | Case No.<br>1:14-CR-0312-WSD-GGB |

## CONDITIONAL MOTION TO SUPPRESS EVIDENCE

Defendant NIGEL MARC GORDON ("Gordon"), by and through his undersigned counsel, respectfully moves, subject to the production of additional evidence described below, for the Court to suppress all evidence seized from the search of 5675 Roswell Road, Apartment A, Sandy Springs, Georgia 30342 (the "Property"), which took place on May 7, 2014, as fruits of an illegal search. In support, Gordon respectfully shows the Court as follows:

### I. INTRODUCTION AND FACTUAL BACKGROUND

Gordon was indicted for possession of a firearm by a felon, possession of an unregistered firearm, and possession of a Schedule II controlled substance on November 18, 2014 [Docket No. 26.]  Initial discovery information produced by the United States of America (the "Government") reveals that the purported evidence

supporting the charges against Gordon was collected upon execution of the Search Warrant attached hereto as <u>Exhibit A</u> (the "Warrant").[1] The Warrant appears on its face to be an electronic warrant issued by Judge Roy Roberts of the Fulton County Magistrate Court. Upon information and belief, the Warrant was issued following a video conference between Judge Roberts and Sandy Springs Police Detective Derek Williams. Gordon, through counsel, has requested a recorded copy of the video conference (the "Video") from the Government, but the Video has not been produced as of the date of this Motion. Accordingly, Gordon files this Motion to Suppress Evidence challenging the validity of the Warrant, and requests that the Court (a) compel the Government to produce the Video, and (b) depending upon whether the Government is able to produce the Video, schedule a hearing (i) within a reasonable time following Gordon's receipt of the Video to consider any challenges to the validity of the Warrant that Gordon may make following his review of the Video, or (ii) to consider the appropriate remedy for the Government's inability to produce the Video.

## II. ARGUMENT IN SUPPORT

Under Georgia law, Warrants issued by a Georgia court following a video conference are subject to the requirements of O.C.G.A. § 17-5-21.1 (the "Video Warrant Statute"). The Video Warrant Statute provides as follows:

---

[1] For purposes of this Motion, Defendant asserts that he had a reasonable and legitimate expectation of privacy with respect to the location identified in the Search Warrant.

3959634_1

- 2 -

(a) A judge of any court in this state authorized to issue search warrants pursuant to Code Section 17-5-21 may, as an alternative to other laws relating to the issuance of search warrants, conduct such applications for the issuance of search warrants by video conference. The issuance of a search warrant by video conference shall be valid irrespective of the physical location of the judge at the time of the video conference, provided that the judge issuing the warrant is authorized by law to issue such warrant, and, at the time such warrant is issued, he or she is physically located within this state.

(b) **Search warrant applications heard by video conference shall be conducted in a manner to ensure that the judge conducting the hearing has visual and audible contact with all affiants and witnesses giving testimony**.

(c) The affiant participating in a search warrant application by video conference shall sign the affidavit for a search warrant and any related documents by any reasonable means which identifies the affiant, including, but not limited to, his or her typewritten name, signature affixed by electronic stylus, or any other reasonable means which identifies the person signing the affidavit and any related documents. **The judge participating in a search warrant application by video conference shall sign the affidavit for a search warrant, the search warrant, and any related documents by any reasonable means which identifies the judge, including, but not limited to, his or her typewritten name, signature affixed by electronic stylus, or any other reasonable means which identifies the judicial officer signing the affidavit and warrant and any related documents.** Such applications shall be deemed to be written within the meaning of Code Section 17-5-21. Such authorization shall be deemed to comply with the issuance requirements provided for in Code Section 17-5-22.

(d) **A judge hearing matters pursuant to this Code section shall administer an oath to any person testifying by means of a video conference**.

(e) **A video recording of the application hearing and any documents submitted in conjunction with the application shall be maintained as part of the record**.

O.C.G.A. § 17-5-21.1 (emphasis added.)

The Video Warrant Statute establishes specific safeguards that must be complied with in order to avoid the issuance of "rubber stamp" warrants that violate the Fourth Amendment.  *See id.; see also U.S. v. Martin,* 297 F.3d 1308 (11th Cir. 2002) (judge should not be a mere rubber stamp for police officers); *United States v. Leon*, 468 U.S. 897, 913-14, 104 S. Ct. 3405, 3415-16, 82 L. Ed. 2d 677 (1984) (search warrant issued with detached scrutiny of a neutral magistrate "is a more reliable safeguard against improper searches than the hurried judgment of a law enforcement officer 'engaged in the often competitive enterprise of ferreting out crime'") (citations omitted).  Of paramount importance is the requirement that the video recording of any warrant application be preserved for future evaluation.  O.C.G.A. § 17-5-21.1(e).  If the Government cannot present the video of the warrant application and pursuant thereto evidence of compliance with the Video Warrant Statute, the Warrant should be held invalid, the search conducted pursuant thereto should be deemed in violation of Gordon's rights under the Fourth Amendment to the United States Constitution, and all evidence seized pursuant thereto should be suppressed as fruit of the poisonous tree.

If the Government can produce the video of the warrant application, Gordon reserves the right to challenge the validity of the Warrant following his review of the Warrant.  Among other things, Gordon reserves his right to challenge whether Judge

Roberts acted with detached scrutiny in issuing the warrant. On the face of the warrant, the time stamps indicate that Detective Williams applied for the Warrant at 6:01:23 pm on May 7, 2014, Judge Roberts signed Detective Williams' application a mere twelve (12) seconds later at 6:01:35 pm on May 7, 2014, and then issued the warrant itself a mere thirty-nine (39) seconds later at 6:02-14 pm on May 7, 2014. Thus, according to the face of the warrant itself, Detective Williams' application to Judge Roberts and Judge Roberts' issuance of the warrant took a grand total of a total of fifty-one (51) seconds. While the video of the warrant application may give further context to the warrant application process used by Detective Williams and Judge Roberts, counsel respectfully submits that spending less than one minute on the warrant process raises serious concerns that Judge Roberts did not act with detached scrutiny in issuing the warrant and instead was merely a "rubber stamp" for the Sandy Springs police.

WHEREFORE Gordon moves the Court to suppress all evidence obtained through unconstitutional means, and respectfully requests that the Court afford him such other relief as is just and appropriate.

Respectfully submitted this 21st day of September, 2015.

        Respectfully submitted,

        **PARKER, HUDSON, RAINER & DOBBS LLP**
        Attorneys for Defendant

        By:   */s/ Robert M. Brennan*
                Robert M. Brennan
                Georgia Bar No. 079798
                Joshua J. Lewis
                Georgia Bar No. 303211
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
(404) 523-5300

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify (a) pursuant to LR 7.1(D), the foregoing **DEFENDANT'S MOTION TO SUPPRESS** has been prepared in Times New Roman 14 point, one of the fonts and points approved by LR 5.1(B); and (b) I have this day filed a copy of the foregoing **DEFENDANT'S MOTION TO SUPPRESS** with the Clerk of Court using the court's CM/ECF system, which will automatically send electronic notice of such filing to the following attorney of record:

William G. Traynor, Esq.
Assistant United States Attorney
600 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, Georgia 30303

This 21st day of September, 2015.

*/s/ Robert M. Brennan*
Joshua J. Lewis

3959634_1