# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL CASE NO.** |
| **v.** | **1:14-CR-0312-WSD-GGB** |
| **NIGEL MARC GORDON** | |

## ORDER, REPORT AND RECOMMENDATION

Defendant Nigel Gordon ("Defendant") is charged with firearms and cocaine trafficking offenses.  After two evidentiary hearings on Defendant's motion to suppress statements, I recommended that the motion be denied and certified the case ready for trial.  (Doc. 47).  The district court adopted my recommendation and denied Defendant's motion to suppress his statements.  (Doc. 51).  Defendant then asked for a new attorney.  His request was granted, and a new attorney was appointed.  (Doc. 58).  The district court then ordered the case decertified and referred it back to me for the consideration of additional pre-trial motions.  (Doc. 61).

New counsel then filed two new motions:  Motion for Supplemental Discovery (Doc. 62) and Conditional Motion to Suppress Evidence. (Doc. 63).  These motions are addressed below.

## I.      MOTION FOR SUPPLEMENTAL DISCOVERY

Defendant's Motion for Supplemental Discovery requests two things: (1) a copy of the video taken of the conference, if any, conducted between Judge Roy Roberts of the Fulton County Magistrate Court and Sandy Springs Police Detective Derek Williams on or about May 7, 2014, during which Detective Williams applied for a Search Warrant of 5675 Roswell Road, Apartment A, Sandy Springs, Georgia 30342; and (2) any relevant written or recorded statements made by Bobby Boonyapat within the possession, custody or control of the Government, the existence of which is known, or may become known, to the Government.  (Doc. 62). The Motion for Supplemental Discovery (Doc. 62) is **GRANTED**.

The government has responded that it does not have a copy of any video conference conducted between Judge Roy Roberts and Detective Williams. Specifically, the government states: "Neither the Fulton County Magistrate Court nor the Sandy Springs Police Department retained a recording of Det. Williams' video conference with Judge Roberts on May 7, 2014." (Doc. 66).  The government has also responded that Detective Williams cannot find any written statements made by Bobby Boonyapat.  (Doc. 68-2).  Defendant points out that Detective Williams testified in Fulton County Superior Court that Mr. Boonyapat completed a written

2

statement. (Doc. 62-1)).  Nevertheless, the Court cannot require the government to produce a statement that it says it doesn't have.

## II.  CONDITIONAL MOTION TO SUPPRESS EVIDENCE

### A.  <u>Facts</u>

On May 7, 2014, Detective Williams applied for and obtained a search warrant for Defendant's apartment from Judge Roy Roberts, a judge of the Magistrate Court of Fulton County.  (Docs. 63-1, 68-1).  Rather than drive to downtown Atlanta to obtain the warrant, Detective Williams went to the Sandy Springs Police headquarters and used a court video system to apply for and obtain the search warrant.  (Doc. 38, p. 12; Doc. 66).  The Affidavit and Application contains the signature of Detective Williams, time stamped at 6:01:23 p.m. and the signature of Judge Roberts time stamped at 6:01:35 p.m.  The Affidavit and Application contains the statement that it was "Sworn to and subscribed to before" Judge Roberts.  (Doc. 68-1).  The name and signature of the judge on the warrant is time stamped 6:02:14 p.m.  (Doc. 63-1).  Defendant concedes that the application provides probable cause

3

for the search.[1]  In addition, I have read the affidavit and conclude that it provides ample probable cause for the search.

The government has represented that Detective Williams does not recall the specifics of his interaction with Judge Roberts on May 7.  (Doc. 66, p. 3)

**B.    Discussion**

The procedure that Detective Williams employed for the search warrant in this case is governed by O.C.G.A. § 17-5-21.1 which provides:

> a) A judge of any court in this state authorized to issue search warrants pursuant to Code Section 17-5-21 may, as an alternative to other laws relating to the issuance of search warrants, conduct such applications for the issuance of search warrants by video conference. The issuance of a search warrant by video conference shall be valid irrespective of the physical location of the judge at the time of the video conference, provided that the judge issuing the warrant is authorized by law to issue such warrant, and, at the time such warrant is issued, he or she is physically located within this state.
>
> (b) Search warrant applications heard by video conference shall be conducted in a manner to ensure that the judge conducting the hearing has visual and audible contact with all affiants and witnesses giving testimony.

---

[1]    In a telephone conference with the attorneys on October 29, 2015, Defendant's counsel agreed that he had no basis to challenge the authenticity of the copies of the application and search warrant that are in the record.  Also, defense counsel confirmed that he was not arguing that the application failed to provide probable cause for the search.

4

(c) The affiant participating in a search warrant application by video conference shall sign the affidavit for a search warrant and any related documents by any reasonable means which identifies the affiant, including, but not limited to, his or her typewritten name, signature affixed by electronic stylus, or any other reasonable means which identifies the person signing the affidavit and any related documents. The judge participating in a search warrant application by video conference shall sign the affidavit for a search warrant, the search warrant, and any related documents by any reasonable means which identifies the judge, including, but not limited to, his or her typewritten name, signature affixed by electronic stylus, or any other reasonable means which identifies the judicial officer signing the affidavit and warrant and any related documents. Such applications shall be deemed to be written within the meaning of Code Section 17-5-21. Such authorization shall be deemed to comply with the issuance requirements provided for in Code Section 17-5-22.

(d) A judge hearing matters pursuant to this Code section shall administer an oath to any person testifying by means of a video conference.

(e) A video recording of the application hearing and any documents submitted in conjunction with the application shall be maintained as part of the record.

Defendant argues that the evidence seized pursuant to the search warrant should be suppressed because the government cannot produce the video of the warrant application that is required to be maintained under subsection (e) of O.C.G.A. § 17-5-21.1.  Defendant argues that because the government cannot produce the video, and because the time stamps that indicate that the warrant was

5

issued only 51 seconds after the application, he has the right to challenge whether Judge Roberts acted with "detached scrutiny in issuing the warrant."  (Doc. 63)

As an initial matter, I accord no significance to the fact that the time stamps indicate that the warrant was issued 51 seconds after the time stamp for the application.  The time stamps do not necessarily reflect the length of time that the judge reviewed the application.  Moreover, there is no minimum amount of time that is required for a judge to review an application before issuing a search warrant.

Defendant also argues that there is no presumption of regularity with respect to the warrant application and issuance process, and absent such a presumption, the government "must present reliable, credible evidence that the warrant satisfied constitutional requirements, including the oath or affirmation requirements, and was issued by a detached and neutral magistrate."  (Doc. 68, p. 3).  In particular, Defendant argues that the government:

> must produce testimony to the effect that (a) Judge Roberts did in fact review the application for the Warrant; (b) that Judge Roberts interviewed Detective Williams by video after placing Detective Williams under solemn oath; and (c) that Judge Roberts issued the Warrant following the interview as a neutral and detached magistrate.

(Doc. 68, pp. 3-4).

6

In order to suppress the evidence seized from his home, Defendant must show that the evidence was obtained by the police in violation of the Fourth Amendment's prohibition against unreasonable searches and seizures.  United States v. Weeks, 232 U. S. 383 (1914); United States v. Calandra, 414 U. S. 338, 348 (1974)(The exclusionary "rule is a judicially created remedy designed to safeguard **Fourth Amendment** rights generally through its deterrent effect." (emphasis provided).  A violation of state law does not render evidence obtained inadmissible in federal courts.  Lee v. United States,  343 U.S. 747, 754-55 (1952); United States v. Noriega, 676 F.3d 1252, 1263 n.4 (11th Cir. 2012); see also United States v. Martin, 372 F.2d 63, 66 (7th Cir.1967); United States v. Dela Espriella, 781 F.2d 1432, 1437 (9th Cir.1986).

In this case, there is no dispute that the police were in possession of a search warrant, signed by a judge and based on probable cause, at the time they seized the evidence that Defendant seeks to suppress.  The sole basis for defendant's motion is that the state did not make or maintain a video recording of the application process as required by Georgia law.   There is no authority for the proposition that this violation of state procedural law rises to the level of a Fourth Amendment violation

7

or triggers a Defendant's right to question the issuing judge about his decision to issue the warrant.

The only relevant Georgia case that I was able to locate suggests that the appropriate remedy when the video is not maintained as required by § 17-5-21.1(e) is for the trial court, in evaluating whether a warrant was proper, to decline to consider any material beyond the four corners of the written affidavit submitted to the magistrate. See Macias v. State, 292 Ga. App. 225, 228 & n.3, 664 S.E.2d 265, 268-69 & n.3 (2008). In Macias, the court noted that where the state magistrate court had failed to keep a recording of the video conference application hearing as required by O.C.G.A.§ 17-5-21.1(e), the trial court declined to consider any testimony outside the affidavit submitted to the magistrate. Defendant had argued in the trial court that the absence of the video recording invalidated the warrant, but conceded on appeal that the trial court acted correctly in considering only the "four corners" of the affidavit. (Id. at n. 3).

A military case cited by the Defendant, United States v. McMahon, No. ACMS31268, 2008 WL 4525364, at *4 (A.F. Ct. Crim. App. Sept. 12, 2008)[2] supports the same conclusion. In McMahon, a military judge relied on testimony not

---

[2] Cited by Defendant at Doc. 68, p. 5.

included in the warrant application to conclude that the magistrate who issued a

search warrant had found an informant reliable.  Neither the requesting agent nor the

military judge who issued the warrant was available to testify at the motion to

suppress hearing.  The U.S. Air Force Court of Criminal Appeals held that because

there was no record of the meeting between the magistrate and the requesting agent,

the proper solution was to rely upon the warrant affidavit alone.  The court then

found that the affidavit alone supported a finding of probable cause and denied the

motion to suppress.  As in <u>McMahon</u>, the affidavit here, standing alone, provides

probable cause for the search.[3]

## III.   <u>CONCLUSION</u>

For the reasons discussed above, I order that Defendant's Motion for

Supplemental Discovery (Doc. 62) is **GRANTED**.  I **RECOMMEND** that

Defendant's Conditional Motion to Suppress Evidence. (Doc. 63) be **DENIED**.

---

[3] It is worth noting that federal law does not even require a recording of an electronically submitted search warrant application as long as the judge bases his or her decision on the contents of a written affidavit.  Fed. R. Crim. P. 4.1(b)(2).

There are no pending matters before me, and I am aware of no problems relating to the scheduling of this case for trial.  It is therefore **ORDERED AND ADJUDGED** that this action be declared **READY FOR TRIAL**.

**IT IS SO RECOMMENDED**, this 6th day of November, 2015.

GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

T:\CRIMINAL\Gordon  114cr312\RR on search warrant_evan_mtd.wpd

10