IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 1:14-cr-312-WSD |
| NIGEL MARC GORDON, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Nigel Marc Gordon's ("Defendant") Objections [72] to the Order, Report and Recommendation [70] ("R&R") regarding his Motion to Suppress Evidence [63] ("Motion to Suppress"). Defendant objects to Magistrate Judge Gerrilyn G. Brill's R&R, which recommends denial of Defendant's Motion to Suppress.

I.   BACKGROUND[1]

On May 7, 2014, Detective Derek Williams applied for and obtained a search warrant for Defendant's apartment from Judge Roy Roberts, a judge of the Magistrate Court of Fulton County. ([63.1]; [68.1]).  Detective Williams applied

---

[1]   The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

for the warrant from the Sandy Springs Police headquarters, where he used the court's video system to apply for and obtain the search warrant.  ([38] at 12; [66]).  Judge Robert's office is in downtown Atlanta.  The Affidavit and Application was signed by Detective Williams, and time stamped at 6:01:23 p.m.  The Affidavit and Application was "[s]worn and subscribed to before" Judge Roberts, and the affidavit and all other evidence was given "under oath or affirmation."  ([68.1]).  The name and signature of the judge on the warrant is time stamped 6:02:14 p.m.  ([63.1]).  Defendant concedes that the application provides probable cause for issuance of the warrant.  The Magistrate Judge determined that the affidavit provides "ample probable cause for the search."  (R&R at 4).

On September 21, 2015, Defendant filed his Motion to Suppress.  In it, he argues that the evidence seized pursuant to the search warrant should be suppressed because the government cannot produce the video of the warrant application that is required to be maintained under subsection (e) of O.C.G.A. § 17-5-21.1.  Defendant argues that, because the government cannot produce the video, and because the time stamps indicate the warrant was issued only fifty one (51) seconds after the application, he has the right to challenge whether Judge Roberts acted with "detached scrutiny in issuing the warrant."  ([63]).

On November 6, 2015, the Magistrate Judge issued her R&R, recommending denial of Defendant's Motion to Suppress.  The Magistrate determined that the stamps do not necessarily reflect the length of time the judge reviewed the application, and there is no minimum amount of time required for a judge to review an application before issuing a search warrant.  (R&R at 6).  The Magistrate also found that there is no authority for the proposition that a violation of state procedural law rises to the level of a Fourth Amendment violation.  She concluded that no Fourth Amendment violation occurred, and recommended that Defendant's Motion to Suppress be denied.

On November 11, 2015, Defendant filed his Objections to the R&R.  Defendant objects to the R&R on the grounds that (1) the absence of a video recording mandated by state law results in the elimination of any presumption of regularity with respect to the warrant application; (2) absent such a presumption, the government must present evidence that the warrant satisfied Constitutional requirements; (3) the Magistrate erred in failing to order an evidentiary hearing to conduct a *de novo* review of the warrant; (4) the Magistrate erroneously interpreted established federal law, which holds that failure to comply with warrant statutes may result in suppression of evidence.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  Defendant objects to the R&R, and the Court conducts its *de novo* review.

### B.   Analysis

The procedure that Detective Williams employed for the search warrant in this case is governed by O.C.G.A. § 17-5-21.1, which provides:

> (a) A judge of any court in this state authorized to issue search warrants pursuant to Code Section 17-5-21 may, as an alternative to other laws relating to the issuance of search warrants, conduct such applications for the issuance of search warrants by video conference. The issuance of a search warrant by video conference shall be valid irrespective of the physical location of the judge at the time of the video conference, provided that the judge issuing the warrant is authorized by law to issue such warrant, and, at the

time such warrant is issued, he or she is physically located within this state.

(b) Search warrant applications heard by video conference shall be conducted in a manner to ensure that the judge conducting the hearing has visual and audible contact with all affiants and witnesses giving testimony.[2]

(c) The affiant participating in a search warrant application by video conference shall sign the affidavit for a search warrant and any related documents by any reasonable means which identifies the affiant, including, but not limited to, his or her typewritten name, signature affixed by electronic stylus, or any other reasonable means which identifies the person signing the affidavit and any related documents. The judge participating in a search warrant application by video conference shall sign the affidavit for a search warrant, the search warrant, and any related documents by any reasonable means which identifies the judge, including, but not limited to, his or her typewritten name, signature affixed by electronic stylus, or any other reasonable means which identifies the judicial officer signing the affidavit and warrant and any related documents. Such applications shall be deemed to be written within the meaning of Code Section 17-5-21. Such authorization shall be deemed to comply with the issuance requirements provided for in Code Section 17-5-22.

(d) A judge hearing matters pursuant to this Code section shall administer an oath to any person testifying by means of a video conference.

(e) A video recording of the application hearing and any documents submitted in conjunction with the application shall be maintained as part of the record.

Defendant argues that the video recording requirement of subsection (e) establishes a specific safeguard "that must be complied with in order to avoid the issuance of

---

[2] Defendant does not argue that Judge Roberts and Detective Williams did not have audio or visual contact.

'rubber stamp' warrants that violate the Fourth Amendment." (Obj. at 7). Defendant also argues that the Magistrate erroneously interpreted applicable law in determining that there is no authority for the proposition that a violation of state law in procuring a warrant rises to the level of a Fourth Amendment violation.

Courts in our circuit consistently have held that a violation of state law in procuring a warrant is immaterial to whether a federal court must suppress evidence. "[F]ederal law, not state law, governs the admissibility of evidence in federal court, and 'complaints that the evidence was obtained in violation of state law are of no effect.'" United States v. Noriega, 676 F.3d 1252, 1263 n.4 (11th Cir. 2012) (rejecting defendant's claim that evidence should be suppressed because the magistrate judge "did not make a verbatim record" in violation of Ala. R. Crim. P. 3.8(b)(4)) (citing United States v. Glinton, 154 F.3d 1245, 1252 (11th Cir. 1998)); see also United States v. Hinton, ––– F. Supp. 3d –––, –––, 2015 WL 4092587, at *6 (N.D. Ga. July 6, 2015) ("[T]he critical inquiry before the Court is whether the challenged search violated Defendant's Fourth Amendment rights, not state law."); United States v. Torres, No. CR414–348, 2015 WL 179075, at *3 (S.D.Ga. Jan. 14, 2015) (rejecting the defendant's reliance on the state agents' violation of a state statute concerning the issuance of subpoenas in support of his motion to suppress evidence because "'federal courts in a federal prosecution do

not suppress evidence that is seized by state officers in violation of state, so long as the search complied with the Fourth Amendment'" (quoting United States v. Wheelock, 772 F.3d 825, 830 (8th Cir.2014))); United States v. Hill, No. CR 114–028, 2014 WL 5410214, at *4 (S.D.Ga. Sept. 15, 2014) (rejecting defendant's contention that evidence of recordings made without his consent violated state law and therefore must be suppressed because "federal law requires consent of only one party to the conversation," and "[s]o long as one party to the record conversation knows about and consents to it, there is no Fourth Amendment prohibition to using such evidence in a criminal prosecution").

    As the Magistrate Judge noted, "there is no dispute that the police were in possession of a search warrant, signed by a judge and based on probable cause, at the time they seized the evidence that Defendant seeks to suppress." (R&R at 7). The Magistrate Judge also independently determined, and the Court agrees, that the affidavit provides "ample probable cause for the search." (R&R at 4).[3] The Court agrees with the Magistrate that the 51-second difference between the time stamps, standing alone, is not relevant, because the stamps do not necessarily reflect the length of time the judge reviewed the application, and there is no minimum amount

---

[3] Defendant does not object to the Magistrate Judge's determination that the affidavit provides probable cause for the search. The Court finds no plain error in this finding and recommendation, and the Court adopts it. Slay, 714 F.2d at 1095.

of time required for a judge to review an application before issuing a search warrant.  The Court concludes that Defendant has not provided any plausible basis to find a Fourth Amendment violation that would require suppression of the evidence sought to be excluded in the Motion to Suppress.[4]

Defendant argues that the failure to comply with subsection (e) "is analogous to a Federal Court's inability to produce a transcript of telephonic or other electronic testimony taken in support of a warrant in compliance with Fed. R. Crim. P. 4.1 and Fed. R. Crim. P. 41."  (Obj. at 8).  Defendant concludes that, as in

---

[4]  Defendant cites two cases to support his contention that failure to comply with warrant statutes may result in suppression.  Neither case applies here.  In United States v. Shorter, 600 F.2d 585, 589 (6th Cir. 1979), the Sixth Circuit invalidated a telephonic search warrant because the affiant seeking the warrant was not immediately placed under oath as required by Fed. R. Crim. P. 41, but was instead placed under oath after he had testified.  The court decided that this technical requirement "speaks more of substance than procedure and must be obeyed."  Id.  The Eleventh Circuit, however, unequivocally rejected Shorter in United States v. Loyd, 721 F.2d 331 (11th Cir. 1983), which is discussed in further detail below.

Defendant also cites United States v. Carson, 520 F. App'x 874, 891 (11th Cir. 2013). In Carson, the Eleventh Circuit relied on United States v. Caggiano, 667 F.2d 1176, 1178 (5th Cir. Unit B 1982) to find that a technical violation of a federal wiretap law, 18 U.S.C. § 2518(10)(a)(i), does not require suppression so long as the procedures actually employed fulfilled the purpose of the statute and the technical noncompliance did not prejudice the defendants.  Id. at 891-92.  Caggiano, like Shorter, applies only to violations of federal, not state, law.  Further, the law at issue in Caggiano was a federal wiretap law, not a state law governing general search warrants issued following a video conference.  The Eleventh Circuit's decision in Loyd, discussed in this opinion, provides the more applicable rule under these circumstances.

cases where Fed. R. Crim. P. 4.1 and 41 are violated, the process pursuant to which the warrant was issued should not be afforded a presumption of regularity, and the Court must conduct a *de novo* review of the warrant. Even if Defendant could establish that a violation of O.C.G.A. § § 17-5-21.1(e) is analogous to a violation of Fed. R. Crim. P. 41, the evidence at issue would not be suppressed. In <u>United States v. Loyd</u>, 721 F.2d 331, 333 (11th Cir. 1983), the Eleventh Circuit held:

> Unless a clear constitutional violation occurs, noncompliance with Rule 41 requires suppression of evidence only where (1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the rule had been followed, or (2) there is evidence of an intentional and deliberate disregard of a provision in the Rule.

Here, there is no evidence that the search might not have occurred if the video recording of the application hearing were maintained as part of the record in accordance with O.C.G.A. § 17-5-21.1(e). Defendant argues that he should be entitled to inquire whether the statute "was intentionally disregarded by Sandy Springs law enforcement or Fulton County magistrate judges," (Obj. at 10-11), but offers no evidence to support that the rule has been intentionally and deliberately disregarded. Thus, even if Defendant could show that a violation of O.C.G.A. § 17-5-21.1 is analogous to a violation of Fed. R. Crim. P. 41 for Fourth Amendment purposes, the Court would deny his Motion to Suppress.

Defendant requests an evidentiary hearing and *de novo* review of the warrant. Neither a hearing nor a *de novo* review is required. Defendant cites only one non-binding case, United States v. McMahon, No. ACMS31268, 2008 WL 4525364, at *4 (A.F. Ct. Crim. App. Sept. 12, 2008), in support of his argument that the Court must conduct a *de novo* review of the warrant. In McMahon, the U.S. Air Force Court of Criminal Appeals, applying federal law, determined that a *de novo* review was appropriate where the government could not provide a record of the warrant proceedings in violation of Fed. R. Crim. P. 41. The court, on its *de novo* review, found that the affidavit alone supported a finding of probable cause, and denied the motion to suppress. Even if McMahon were binding on the Court, the Magistrate Judge independently found—and the Court agrees—that the affidavit alone provides probable cause for the search. (R&R at 9).[5] Because

---

[5] Defendant does not offer any case law to support his contention that an evidentiary hearing is required in this case. He argues, without support, "now that [the warrant's] presumption of regularity has been pierced, the United States must present evidence to show that Detective Williams was administered a solemn oath in connection with the warrant application." (Obj. at 10). He further argues that he is entitled to inquire whether O.C.G.A. § 17-5-21.1(e) has been intentionally and deliberately disregarded by Sandy Springs law enforcement or Fulton County magistrate judges. He also seeks to challenge whether Judge Roberts acted with detached scrutiny in issuing the warrant, arguing that the 51 seconds between the time stamps shows there was insufficient time for Judge Roberts to exercise detached scrutiny. (Id. at 10-11). The Court is not aware of any authority requiring the Court to conduct an evidentiary hearing, and the Court otherwise concludes an evidentiary hearing is not required to find that the search warrant did

Defendant has failed to show a Fourth Amendment violation, his Motion to Suppress is denied.[6]

### III. CONCLUSION

For the foregoing reasons,

---

not violate Defendant's Fourth Amendment rights. Defendant's motion for an evidentiary hearing is denied.

[6]　The good faith exception articulated by the U.S. Supreme Court in United States v. Leon, 468 U.S. 897 (1984) also requires the Court to deny Defendant's Motion to Suppress. Under Leon, "the exclusionary rule should not be applied to exclude evidence seized pursuant to a defective search warrant if the officers conducting the search acted in 'objectively reasonable reliance' on the warrant and the warrant was issued by a detached and neutral magistrate." United States v. Sharp, Civil Action File No. 1:14-cr-229-TCB, 2015 WL 4641537, at *14 n.18 (N.D. Ga. Aug. 4, 2015). It is uncontested that Detective Williams reasonably relied on the warrant.

The only exception to the Leon good-faith doctrine Defendant has raised is the exception requiring suppression where "the issuing magistrate wholly abandoned his judicial role in the manner condemned in Lo-Ji Sales, Inc. v. New York, 442 U.S. 319, 99 S.Ct. 2319, 60 L.E.d.2d 920 (1979)." United States v. Martin, 297 F.3d 1308, 1313 (11th Cir. 2002). Lo-Ji requires a judge to act with neutrality and detachment when presented with a warrant application. Id. at 326. Defendant argues he should be allowed to challenge whether Judge Roberts acted with detached scrutiny in issuing the warrant. However, the only evidence he offers that Judge Roberts was not detached and neutral is the purportedly short amount of time the magistrate judge spent reviewing the application. The Court rejected this argument for the reasons stated above. The exclusionary rule developed, in part, to deter searches conducted in violation of the Fourth Amendment. There is no wrongful law enforcement conduct to deter here. Detective Williams employed the proper process to apply for the warrant and Defendant agrees there was probable cause for it to be issued. It is undisputed that Detective Williams acted in objectively reasonable reliance on the warrant. Thus, even if Defendant could show the warrant was defective, the Leon good-faith exception requires denial of Defendant's Motion to Suppress.

11

**IT IS HEREBY ORDERED** that Defendant Nigel Marc Gordon's Objections [72] to the Order, Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Gerrilyn G. Brill's Report and Recommendation [70] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Nigel Marc Gordon's Motion to Suppress [63] is **DENIED**.

**SO ORDERED** this 2nd day of December, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE