IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NIGEL MARC GORDON, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:14-CR-312-ELR-JKL |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:18-CV-3562-ELR-JKL |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Movant is a federal prisoner who pled guilty, pursuant to a negotiated plea agreement, to being a felon in possession of a firearm. (Docs. 93-1.)[1] The maximum sentence for that crime is ten years' imprisonment. 18 U.S.C. § 924(a)(2). But the Armed Career Criminal Act ("ACCA") mandates a minimum sentence of fifteen years if a person convicted of that crime has at least three prior convictions for serious drug offenses. 18 U.S.C. § 924(e). The Court found that Movant had at least three such prior convictions and, applying the ACCA enhancement, sentenced him to just over 15 years' imprisonment. (Docs. 102, 123.)

The ACCA defines "serious drug offense" to include "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture

---

[1] All citations to the record are to 1:14-cr-312-ELR-JKL.

or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The indictment in this case alleged, and the presentence investigation report found, that Movant had four convictions for possessing cocaine with intent to distribute it in violation of Georgia law: two convictions in Fulton County, one in Cobb County, and one in DeKalb County. (Docs. 26, 109.)

Movant now claims that only the Fulton County convictions qualify as serious drug offenses under the ACCA and, thus, that his sentence should not have been enhanced. (Doc. 118.) Movant presents that claim, pro se, in a motion challenging the sentence enhancement under 28 U.S.C. § 2255. (*Id.*) Movant also claims that the lawyers who represented him, Robert Brennan and Joshua Lewis, were ineffective for not objecting to the enhancement on the ground that Movant had only two convictions for serious drug offenses. (*Id.*)

In a brief filed with his § 2255 motion, Movant explains that his convictions in Cobb County and DeKalb County did not qualify under the ACCA because those convictions were for mere possession of, rather than trafficking in, cocaine. (Doc. 118-1.) He says those cases "were originally charged as 'possession with the intent

2

to distribute' . . . [but] the record reflects that [Movant] entered pleas in both [] cases to a reduced charge of 'possession' of cocaine." (*Id.* at 5.)

The government disagrees. (Doc. 127.) The government presented certified copies of the state courts' records for Movant's convictions in Cobb County and DeKalb County. (Docs. 128-1, 127-2.) The government contends that those records clearly show that Movant was convicted in Cobb County, and arguably in DeKalb County, for possessing cocaine with intent to distribute it, i.e., a serious drug offense. (Doc. 127.)

The Court agrees as to the Cobb County conviction. Because Movant concedes that he was twice convicted in Fulton County of serious drug offenses, the Court need not decide whether the DeKalb County conviction was for a serious drug offense.

In August 1998, a Cobb County police officer sought a warrant for Movant's arrest after finding "in his left front pocket, one bag containing 15-20 pieces of a rock like substance believed to be crack cocaine, an amount consistent with the intent to distribute the substance to others." (Doc. 128-1 at 14 (font altered).) A judge issued the warrant on the charge of "VGCSA [(violation of Georgia's Controlled Substances Act)] POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE." (*Id.* at 15.)

3

Shortly after his arrest, Movant submitted a written request for appointed counsel, in which he listed the charge against him as "VGCSA / Sales." (*Id.* at 10.)

In November 1998, the Cobb County District Attorney charged that Movant "did knowingly and unlawfully possess with intent to distribute a controlled substance, to wit: Cocaine, in violation of the Georgia Controlled Substances Act." (*Id.* at 13 (font altered).) The maximum punishment for that crime was (and still is) thirty years' imprisonment (for the first offense).[2] O.C.G.A. § 16-13-30(b), (d) (1998). The maximum punishment for mere possession of cocaine was fifteen years' imprisonment (for the first offense). *Id.* § 16-13-30(a), (c).

Movant pled guilty to the prosecutor's accusation. (Doc. 128-1 at 5-8, 16.) Movant acknowledged in two written documents – his "GUILTY PLEA STATEMENT" and the document recording his plea colloquy with the court – that he was pleading guilty to a crime carrying a maximum term of imprisonment of thirty years. (*Id.* at 5-8.) As noted above, only the crime of possession of cocaine with intent to distribute it, and not mere possession, carried that maximum sentence.

---

[2] The record indicates, and Movant has confirmed, that his conviction in Cobb County in 1998 was his first drug conviction. (*See* Doc. 132 at 6 (Movant stating that, at that time, "he had no prior drug related arrests, and certainly no drug convictions.").)

4

Like the other documents in the case, the Cobb County Superior Court's judgment reflects that Movant pled guilty to the sole charge in the accusation. (*Id.* at 2-3.) The judgment, and all the other documents described above, bear the same case and/or warrant number. (*Id.* at 2-3, 5-8, 10-16.)

The records from the Cobb County case thus refute Movant's claim in his initial brief that he pled guilty in that case "to a reduced charge of 'possession' of cocaine," which was the sole basis for his challenge to the ACCA enhancement. (*See* Doc. 118-1 at 5.) So after receiving those records, Movant shifted gears.

Faced with the court records, Movant now contends that even if he technically pled guilty to possessing cocaine with intent to distribute it, there was not a factual basis for that crime. Movant says

> that the circumstances involving what occurred that resulted in [Movant's] arrest, articulated by [Movant] at his plea and sentencing hearing, show that his criminal conduct was limited to merely "possession" of cocaine, and not to "possession with intent to distribute." In fact, the amount of cocaine pieces [Movant] possessed--15 to 20--was indicative of an amount for personal use. <u>Nothing</u> whatsoever indicated [Movant] had, or planned to, distribute the cocaine found in his possession. The cocaine was found in single bag, all together, not packaged for sale. [Movant] had little or no money in his possession when he was arrested. Although [Movant] was in a vehicle with friends smoking marijuana--showing [Movant's] use of drugs--he was not arrested even close to an area known for drug sales. And at the time of [Movant's] arrest, he had no prior drug related arrests, and certainly no drug convictions.

5

(Doc. 132 at 6.) Thus, Movant contends, "the only crime [he] admitted to committing was 'possession' of cocaine . . . which in turn amounts to the only crime the state court judge could [have] entered a conviction upon." (*Id.*) In other words, "because there was no evidence shown or admitted to by [Movant] to support a conviction for 'possession with intent to distribute cocaine' . . . the only conviction entered by the state court judge had to be simple 'possession.'" (*Id.* at 7.)

Movant's challenge to the factual basis of his guilty plea in Cobb County in 1998 is a collateral attack on the judgment of conviction in that case. Federal prisoners cannot challenge under § 2255 a conviction in state court that triggered the ACCA enhancement of the prisoner's federal sentence. *Daniels v. United States*, 532 U.S. 374, 382, 384 (2001) (so holding in case where prisoner claimed that his current federal sentence was enhanced by "prior state convictions [that] were the products of inadequate guilty pleas"). "[I]f, by the time of sentencing under the ACCA, a prior conviction has not been set aside on direct or collateral review, that conviction is presumptively valid and may be used to enhance the federal sentence."[3] *Id.* at 382.

---

[3] There is "only one exception" to that rule, which is when the prisoner did not have counsel in the proceedings resulting in the prior conviction. *Daniels*, 532 U.S. at 382. The record demonstrates, and Movant does not dispute, that attorney John Hammond represented Movant in the Cobb County case, including in the plea and sentencing proceedings. (Doc. 128-1.)

"[O]nly after an underlying conviction is successfully challenged may a defendant seek relief in federal courts," i.e., "the time for challenging a federal sentence based on a faulty state conviction is only after that conviction has been vacated." *Stewart v. United States*, 646 F.3d 856, 859, 864 (11th Cir. 2011).

Movant's judgment of conviction in Cobb County in 1998 has not been vacated or set aside. He thus cannot challenge the validity of that judgment under § 2255. The Cobb County records unequivocally demonstrate that Movant was convicted of a serious drug offense, and Movant cannot avoid that fact by challenging the factual basis for the conviction in § 2255 proceedings. Movant is not entitled to relief on his claims that his federal sentence was improperly enhanced under the ACCA and that his lawyer was ineffective for not objecting to the ACCA enhancement.

Movant asserted one other claim in his § 2255 motion, although he did not discuss it in his initial brief or reply brief. That claim is that his conviction under 18 U.S.C. § 922(g) – possessing a firearm after being convicted of a felony – violates his constitutional right to bear arms because he never used a firearm, or any weapon, in the commission of the crimes that made him a felon. (Doc. 118 at 6.) Movant asserts that his lawyer was ineffective for not raising that claim on appeal. (*Id.* at 7.)

7

There was good reason for Movant's lawyer not to raise the claim. When Movant violated § 922(g), the law in this circuit was clear that "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right" of felons. *See United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010). Indeed, the U.S. Supreme Court had "suggest[ed] that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.* Section 922(g), in particular, is a "presumptively lawful longstanding prohibition[]" on the possession of firearms. *See United States v. White*, 593 F.3d 1199, 1205 (11th Cir. 2010). In short, Movant's Second Amendment claim "is foreclosed by . . . prior precedent," and his lawyer was not ineffective for not raising the claim. *See United States v. Dowis*, 644 F. App'x 882, 883 (11th Cir. 2016) (rejecting claim, like Movant's, that § 922(g) "is unconstitutional because it . . . fails to differentiate between violent and nonviolent felons, without a rational basis").

Finally, Movant contends that he is entitled to relief on procedural grounds, namely that the government did not timely respond to his § 2255 motion. The government inadvertently missed the deadline for responding and, seven days later, moved for permission to file a belated response. (Doc. 124.) The Court granted the

request because the government's mistake was inadvertent and did not prejudice Movant and because it took some time to obtain the old records that are central to Movant's claims.  (*Id.*)  Movant moved to vacate that Order and enter default and summary judgment because the government did not file its response by the initial deadline the Court set.  (Docs. 125, 129, 130.)

Movant has not shown that he was prejudiced by the government missing the initial deadline by seven days or the Court's extension of that deadline.  Indeed, Movant did not file his reply to the government's belated response until over a month after it was filed, but the Court accepted and considered the reply too.  A § 2255 movant generally cannot obtain a judgment on grounds of default, and such relief is not appropriate here.  *See Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) (recognizing that "a default judgment is not contemplated in habeas corpus cases").

For the foregoing reasons, the undersigned **RECOMMENDS** that Movant's § 2255 motion [118], motion for summary judgment [125], and motion for default [130] be **DENIED** and that civil action number 1:18-cv-3562-ELR-JKL be **DISMISSED**.  The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

9

U.S. 473, 483-84 (2000).  Movant's motion to vacate the Court's Order granting the government's motions for extension of time [129] is **DENIED**.

**SO ORDERED & RECOMMENDED** this 12th day of February, 2019.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE