IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NIGEL MARC GORDON,<br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br>1:14-CR-312-ELR<br><br>CRIMINAL ACTION NO.<br>1:18-CV-3562-ELR |

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the instant motion to vacate brought pursuant to 28 U.S.C. § 2255 be denied. [Doc. 133]. Movant has filed his objections in response to the R&R. [Doc. 138].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

On March 17, 2016, Movant pled guilty in this Court to being a felon in possession of a firearm. This Court imposed an enhanced sentence of just over fifteen years pursuant to the Armed Career Criminal Act ("ACCA") because Movant had at least three prior convictions for serious drug offenses. 18 U.S.C. § 924(e). Movant filed his § 2255 motion claiming (1) that two of the four convictions used by this Court to impose the ACCA sentence were not serious drug offenses under the ACCA, and (2) that his counsel was ineffective for failing to raise an argument regarding the constitutionality of the ACCA.

Regarding the ACCA sentence, this Court found that Movant had four qualifying drug convictions: two in Fulton County, one in Cobb County, and one in DeKalb County. Movant concedes that his two Fulton County convictions qualify under the ACCA, but claims that the Cobb and DeKalb County convictions do not. Because only one of the convictions needs to qualify, the Magistrate Judge reviewed the record of the Cobb County conviction and concluded that the conviction unquestionably qualified as an ACCA predicate offense because Movant, who was represented by counsel at the time, pled guilty to possessing cocaine with intent to distribute. In response to Movant's argument that the facts did not support his Cobb County conviction for possession with intent, the Magistrate Judge correctly pointed out that Movant cannot challenge his state court conviction in a § 2255 proceeding.

The Magistrate Judge further concluded that Movant's trial counsel was not ineffective for failing to raise an argument regarding the constitutionality of the ACCA because the argument was squarely foreclosed by Eleventh Circuit precedent at the time. See United States v. Rozier, 598 F.3d 768, 771 (11th Cir. 2010). Finally, the Magistrate Judge concluded that Movant is not entitled to default judgment because the Government was late in filing its response.

In his objections, Movant states that the exhibits attached to his reply memorandum, [Doc. 132], demonstrate that his Cobb County conviction was for simple possession of cocaine and not possession with intent to distribute. This Court has reviewed those documents and finds that they in no way indicate that Movant was not convicted of possession with intent. Indeed, one of those documents was the indictment which clearly states that Movant was charged with unlawfully possessing cocaine with the intent to distribute. As established by the Government, Movant pled guilty to that charge. The remainder of Movant's objections, which are merely restatements of the arguments he made in his § 2255 motion and his reply memorandum, were correctly addressed by the Magistrate Judge.

Accordingly, after a careful review of the record in light of Movant's objections, this Court holds that the Magistrate Judge's findings and conclusions are correct. As such, the R&R, [Doc. 133], is hereby **ADOPTED** as the order of this

AO 72A
(Rev.8/82)

Court, and the Movant's § 2255 motion, [Doc. 118], his motion for summary judgment, [Doc. 125], and his motion for default, [Doc. 130], are **DENIED**. Movant's second motion for an extension to file his objections, [Doc. 137], is **GRANTED** *nunc pro tunc*. Movant's motion regarding this Court's jurisdiction, [Doc. 140], is clearly frivolous and is **DENIED**. Movant's remaining pending motions, [Docs. 139, 141], are **DENIED** as moot.

The Clerk is **DIRECTED** to close Civil Action Number 1:18-CV-3562-ELR.

**IT IS SO ORDERED**, this 23rd day of September, 2019.

_____
ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)