IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NIGEL MARC GORDON,<br>BOP Reg. No. 66299-019,<br>        Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br>CRIMINAL ACTION NO.<br>1:14-cr-0312-ELR-JKL-1<br><br>CIVIL ACTION NO.<br>1:22-cv-2949-ELR-JKL |

**FINAL REPORT AND RECOMMENDATION**

Movant Nigel Marc Gordon, a federal prisoner currently confined at the Federal Correction Institution in Jesup, Georgia, has filed a *pro se* 28 U.S.C. § 2255 motion to vacate challenging his 2016 guilty plea conviction and sentence in this Court for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). (Doc. 162 at 1; Doc. 102 at 1.) Petitioner has also filed a Fed. R. Civ. P. 60(b) motion for relief from his conviction. (Doc. 163). The matter is before the Court for initial screening of the § 2255 motion and Rule 60(b) motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Movant filed a prior § 2255 motion attacking the same judgment on July 24, 2018. (Doc. 118.) This Court denied the prior motion on the merits. (Doc. 144 at

3-4.)  Movant appealed, and the Eleventh Circuit denied him a certificate of appealability and denied reconsideration.  (Docs. 156, 157.)

A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move the Court of Appeals for an order authorizing the district court to consider such a motion.  *See* 28 U.S.C. § 2255(h) (cross-referencing 28 U.S.C. § 2244).  Absent such authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion.  *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

The Supreme Court has held that Rule 60(b) motions are to be considered impermissible successive collateral attacks if the prisoner either (1) raises a new ground for substantive relief, or (2) attacks the habeas court's previous resolution of a claim on the merits.  *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (involving a 28 U.S.C. § 2254 habeas corpus petition); *see also Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (recognizing that *Gonzalez*'s standard applies in the § 2255 context).  Accordingly, when a *pro se* federal prisoner brings a motion under Rule 60(b), a district court may appropriately construe it as a § 2255 motion, and, if applicable, treat it as an unauthorized second or successive motion.

*See Williams v. Chatman*, 510 F.3d 1290, 1293-95 (11th Cir. 2007) (involving a § 2254 petition).

In his instant § 2255 motion, Movant acknowledges that he has filed a prior § 2255 motion. (Doc. 162 at 2.) Movant proceeds to argue that § 922(g) is now unconstitutional in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S.Ct. 2111 (2022), such that he is actually innocent of the offenses of conviction. (*Id.* at 4-5.) Movant also argues that he received ineffective assistance of counsel. (*Id.* at 6.) Movant seeks to proceed based on *Bruen* as a purported new rule of constitutional law. (*Id.* at 10.) Movant also has filed a Fed. R. Civ. P. 60(b) motion seeking vacatur of his conviction based on *Rehaif v. United States*, 139 S.Ct. 2191 (2019), and *Seabrooks v. United States*, 32 F.4th 1375 (11th Cir. 2022), as new rules of constitutional law. (Doc. 163 at 1-2.)

Here, the instant § 2255 motion is second or successive. Moreover, Movant's Rule 60(b) motion is properly construed as a second or successive § 2255 motion because it raises new grounds for habeas relief and attacks his conviction on the merits. *See Gonzalez*, 545 U.S. at 531-32; *Gilbert*, 640 F.3d at 1323. Movant has not alleged, let alone shown, that he has received authorization from

3

the Court of Appeals to file a second or successive § 2255 motion. (*See generally* Doc. 162, Doc. 163.) Consequently, this Court lacks subject matter jurisdiction to consider either of Movant's present filings. *Holt*, 417 F.3d at 1175. While Movant asserts that his filings are based on new rules of constitutional law, such arguments are properly presented to the Court of Appeals. *See* 28 U.S.C. § 2255(h)(2).

Accordingly, **IT IS RECOMMENDED** that the § 2255 motion [162] be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A).

**IT IS FURTHER RECOMMENDED** that Movant's Rule 60(b) motion [163] be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A).[1]

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

---

[1] Ordinarily, federal prisoners must obtain a certificate of appealability ("COA") to appeal the denial of a § 2255 motion and/or the denial of a Fed. R. Civ. P. 60(b) motion for relief from a judgment in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1)(B); *Jackson v. Crosby*, 437 F.3d 1290, 1294 (11th Cir. 2005). However, the Eleventh Circuit has held that dismissal of a successive habeas petition for lack of subject matter jurisdiction does not constitute a "final order in a habeas corpus proceeding" for purposes of § 2253(c). *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). Accordingly, no COA ruling is necessary.

**IT IS SO RECOMMENDED**, this 27th day of October, 2022.

_____
JOHN K. LARKINS III
United States Magistrate Judge