**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| NIGEL MARC GORDON, | * | |
| | * | CRIMINAL ACTION NO. |
| Movant, | * | 1:14-CR-00312-ELR-JKL-1 |
| | * | |
| v. | * | |
| | * | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | * | 1:22-CV-02949-ELR |
| | * | |
| Respondent. | * | |
| | * | |

_____

**O R D E R**
_____

Presently before the Court is Magistrate Judge John K. Larkins, III's Final Report and Recommendation ("R&R") [Doc. 164], recommending that this Court deny Movant Nigel Marc Gordon's motion to vacate brought pursuant to 28 U.S.C. § 2255 [Doc. 162], and his Rule 60(b) motion. [Doc. 163]. Movant has filed his objections in response to the R&R [Doc. 168], as well as a motion to dismiss the indictment. [Doc. 169].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings

objected to.  Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

On March 17, 2016, Movant pled guilty in this Court to being a felon in possession of a firearm.  This Court imposed an enhanced sentence of just over fifteen years pursuant to the Armed Career Criminal Act ("ACCA") because Movant had at least three (3) prior convictions for serious drug offenses.  See 18 U.S.C. § 924(e).  The pending § 2255 motion is Movant's second.  On July 24, 2018, after the Eleventh Circuit had affirmed his conviction and sentence [Doc. 115], Movant filed his first § 2255 motion to vacate. [Doc. 118].  After the Government responded to the Court's show cause order, this Court denied the § 2255 motion in an Order dated September 23, 2019.  [Doc. 144].  Movant sought to appeal the denial of § 2255 relief, and the Eleventh Circuit denied him a certificate of appealability, [Doc. 156], and later denied his motion for reconsideration.  [Doc. 157].

After reviewing Movant's successive § 2255 motion, the Magistrate Judge correctly determined that this Court lacks jurisdiction to consider it because Movant has not received authorization from the Eleventh Circuit to file a successive § 2255 motion.  See R&R at 2; see also 28 U.S.C. § 2255(h); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005).  The Magistrate Judge also correctly determined that Movant's Rule 60(b) motion is deemed an impermissible successive § 2255 motion over which this Court also lacks jurisdiction.  See R&R at 2–3.  Accordingly, the Magistrate Judge recommends that both motions be denied.

In his objections, Movant first makes a confusing and irrelevant argument that this Court erred in failing to refer Movant's motion for leave to file supplemental pleadings, [Doc. 141], to the Magistrate Judge for consideration. However, nothing in the Magistrates Act, 28 U.S.C. § 636, requires that a district judge refer anything to a magistrate judge, and this Court's failure to refer the motion does not entitle Movant to relief.

Movant next argues that the Supreme Court's opinion in New York State Rifle & Pistol Assn., Inc. v. Bruen, 142 S. Ct. 2111 (2022), demonstrates that his conviction for possession of a firearm by a convicted felon violated his Second Amendment rights. In Bruen, the Supreme Court struck down, on Second Amendment grounds, a New York statute that required a heightened standard for individuals to qualify for a permit to carry a firearm. Id. Nothing in Bruen, however, indicates that the statute that criminalizes the possession of a firearm by a convicted felon is unconstitutional. See United States v. Williams, 121CR00362LMM1, 2022 WL 17852517, at *2 (N.D. Ga. Dec. 22, 2022) (holding that, even after Bruen, "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment") (quoting United States v. Rozier, 598 F.3d 768, 771 (11th Cir. 2010)). In any event, the Magistrate Judge correctly noted that any argument that Movant has that his conviction should be vacated under Bruen must first be addressed to the Eleventh Circuit in a petition to file a successive § 2255 motion under § 2255(h)(2). The remainder of Movant's

3

objections are unavailing because they merely argue that he is entitled to relief under § 2255 without showing that the Magistrate Judge erred in determining that his motions should be denied.

Movant's motion to dismiss the indictment is simply another invalid attempt to seek successive § 2255 relief. [Doc. 169]. In the motion, Movant again argues that he is entitled to relief under Bruen, an argument that the Court has already discounted.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the R&R, [Doc. 164], is **ADOPTED** as the order of the Court, and that Movant's motions, [Docs. 162, 163], are **DENIED** as successive.  **IT IS FURTHER ORDERED** that Movant's motion to dismiss the indictment, [Doc. 169], is also **DENIED** as successive, and Movant's motion for an extension to file his objections, [Doc. 167], is **GRANTED** nunc pro tunc, such that his objections are accepted as timely filed. The Clerk is **DIRECTED** to **CLOSE** Civil Action Number 1:22-CV-2949-ELR.

**SO ORDERED**, this 20th day of January, 2023.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia