IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NIGEL MARC GORDON,<br>BOP Reg. No. 66299-019,<br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br>CIVIL ACTION NO.<br>1:24-cv-4105-ELR-JKL<br><br>CRIMINAL ACTION NO.<br>1:14-cr-0312-ELR-JKL-1 |

**FINAL REPORT AND RECOMMENDATION**

Petitioner Nigel Marc Gordon, a federal prisoner currently confined at the federal correctional institution in Manchester, Kentucky, has filed a *pro se* 28 U.S.C. § 2255 motion to vacate challenging his 2016 conviction and sentence in this Court for possession of a firearm by a convicted felon. (*See* doc. 181 at 1; doc. 102 at 1.) The matter is before the Court for initial screening of the § 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (hereinafter "Rule 4"). *See* 28 U.S.C. foll. § 2255, Rule 4(b).

Under Rule 4, the Court "must dismiss" a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Id.* A federal prisoner who wishes to file a second or successive § 2255 motion is required to move the Court of

Appeals for an order authorizing the district court to consider such a motion. *See* 28 U.S.C. § 2255(h) (cross-referencing 28 U.S.C. § 2244). Absent such authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

Here, Movant filed his initial § 2255 motion on July 24, 2018, and this Court denied the motion on the merits. (*See* doc. 118; doc. 144 at 3-4.) Movant appealed, and the Eleventh Circuit denied him a certificate of appealability and denied reconsideration. (Docs. 156, 157.) Movant filed a second § 2255 motion on July 25, 2022, which this Court dismissed as impermissibly second or successive. (Docs. 162, 170.) Movant has now filed the instant third § 2255 motion challenging the same judgment of conviction. (Doc. 181.) Movant has not obtained authorization from the Court of Appeals to file a successive § 2255 motion. Instead, Movant argues that he is entitled to consideration his motion under § 2255(b) because he has alleged actual constitutional violations. (*Id.* at 11.)

Because Movant has not obtained authorization from the Court of Appeals to file a second or successive § 2255 motion, this Court lacks jurisdiction to consider his present filing. Movant's contention that his third successive § 2255 motion alleges actual constitutional violations is unavailing and insufficient to

overcome the procedural bar.  (See Doc. 231 at 1.)  Federal law does not provide any exception to the requirement that a movant receive authorization from the Court of Appeals prior to consideration of a successive § 2255 motion.  *See* 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A); *see also, e.g.*, *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (noting that, absent prior authorization by the Court of Appeals, § 2244(b)(3)(a) constitutes a "permanent and incurable bar to federal review of the underlying claims" presented in a second or successive § 2255 motion) (internal quotation omitted).

Accordingly, **IT IS RECOMMENDED** that the § 2255 motion [181] be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A).[1]

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge

---

[1] Ordinarily, federal prisoners must obtain a certificate of appealability ["COA"] to appeal the denial of a § 2255 motion.  28 U.S.C. § 2253(c)(1)(B); *Jackson v. Crosby*, 437 F.3d 1290, 1294 (11th Cir. 2005).  However, the Eleventh Circuit has held that dismissal for lack of subject matter jurisdiction of a successive petition does not constitute a "final order in a habeas corpus proceeding" for purposes of § 2253(c).  *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).  Accordingly, the undersigned offers no COA recommendation in this matter.

**IT IS SO RECOMMENDED**, this 9th day of October, 2024.

_____
JOHN K. LARKINS III
United States Magistrate Judge